# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

BRYANT PATRICK NEWCOMB,

        Petitioner,

  v.

S. ANGOL, Superintendent,

        Respondent.

Case No. 3:24-cv-00125-SLG

## ORDER ON PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

Before the Court at Docket 1 is Bryant Patrick Newcomb's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. As relief, Petitioner seeks a reduction in his state court sentence.[1] Appointed counsel for Petitioner declined to file an amended petition.[2] This Court previously granted Respondent an extension of time to file a response, and a second motion for an extension of time by Respondent is pending before the Court.[3]

## BACKGROUND

The Court takes judicial notice[4] of Mr. Newcomb's pending state court

---

[1] Docket 1 at 8.

[2] Docket 10.

[3] Docket 14.

[4] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of

criminal case, *State of Alaska v. Bryant Patrick Newcomb,* Case No. 3PA-20-01693CR.[5]  An initial charging document was filed against Mr. Newcomb in that case in 2020, and he was arraigned in March 2021.[6]

In November 2022, Mr. Newcomb filed a § 2241 petition in this Court alleging that he had not been arraigned until 78 days after his arrest, that he had been held without a court hearing since his arraignment, and that the State had scheduled, held, and continued over a dozen hearings without his knowledge or presence.[7] He also maintained that his speedy trial rights had been violated.[8] For relief in that case, Mr. Newcomb requested that his pending state court case be dismissed.[9] This Court dismissed that petition because Mr. Newcomb had not named a proper respondent and because *Younger* abstention precluded the Court from enjoining the state court prosecution.[10]

A review of the state court record indicates that on May 30, 2024, Mr. Newcomb pled guilty in that case, a representation hearing was held on November

---

proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[5] Publicly available state court records may be searched at https://courts.alaska.gov/main/search-cases.htm (last visited March 7, 2025).

[6] *State v. Newcomb,* Case No. 3PA-20-01693CR, Event & Docket.

[7] Docket 1 at 6-9 (Case No. 3:22-cv-00260-SLG).

[8] Docket 1 at 10 (Case No. 3:22-cv-00260-SLG).

[9] Docket 1 at 8 (Case No. 3:22-cv-00260-SLG).

[10] Docket 5 (Case No. 3:22-cv-00260-SLG).

Case No. 3:24-cv-125, *Newcomb v. Angol*
Order on Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241
Page 2 of 5
Case 3:24-cv-00125-SLG     Document 15     Filed 03/10/25     Page 2 of 5

25, 2024, a new attorney entered an appearance in Mr. Newcomb's state criminal case on December 16, 2024, and a status hearing is currently scheduled for March 11, 2025.[11] Mr. Newcomb has not been sentenced, and it appears that no date for sentencing has been set.

In his current petition, Mr. Newcomb maintains that the State (1) denied him a bail hearing and has not adjusted bail or reviewed his financial ability; (2) scheduled, held, and continued approximately 18 hearings without his presence or consent; (3) failed to arraign him until 78 days after his arrest; and (4) denied his pro se request for a representation hearing.[12]

## SCREENING REQUIREMENT

Federal courts have general habeas corpus jurisdiction pursuant to 28 U.S.C. § 2241.[13] "[D]istrict courts are expected to take 'an active role in summarily disposing of facially defective habeas petitions.'"[14] "[I]f it 'plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.'"[15]

---

[11] *State v. Newcomb,* Case No. 3PA-20-01693CR, Event & Docket.

[12] Docket 1 at 6-8.

[13] *Rasul v. Bush*, 542 U.S. 466, 473 (2004).

[14] *Pinson v. Carvajal*, 69 F.4th 1059, 1065 (9th Cir. 2023) (quoting *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998)).

[15] *Id.* (quoting Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts); *see also* Rule 1(b), Rules Governing Section 2254 Proceedings for the United States District Courts (providing that a "district court may apply any or all of these rules to a habeas

Case No. 3:24-cv-125, *Newcomb v. Angol*
Order on Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241
Page 3 of 5
Case 3:24-cv-00125-SLG    Document 15    Filed 03/10/25    Page 3 of 5

## DISCUSSION

"When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."[16] He may only challenge the knowing and voluntary nature of his plea or the effectiveness of counsel's assistance.[17]

Mr. Newcomb's first, second, and third claims must be dismissed because, by pleading guilty, he has waived any purported non-jurisdictional defects in the state court criminal proceedings. His current petition does not allege an infirmity in his guilty plea in state court nor does it allege ineffective assistance of counsel.

Further, the Court dismissed Mr. Newcomb's previous petition raising claims nearly identical to claims one, two, and three in the instant petition. The same rationale the Court applied to find that *Younger* abstention precluded the Court from granting Mr. Newcomb's requested relief in his first petition applies equally here. In addition, Mr. Newcomb seeks a sentence reduction, but he has yet to be sentenced by the state court.

Finally, with respect to Mr. Newcomb's fourth claim in this petition, the state court docket shows that Mr. Newcomb was granted a representation hearing after

---

corpus petition not covered by Rule 1(a)"; Rule 1(a) covers 28 U.S.C. § 2254 petitions).

[16] *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (per curiam) ("A defendant's guilty plea waives all nonjurisdictional defect claims.").

[17] *Tollett*, 411 U.S. at 267.

Case No. 3:24-cv-125, *Newcomb v. Angol*
Order on Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241
Page 4 of 5
Case 3:24-cv-00125-SLG   Document 15   Filed 03/10/25   Page 4 of 5

he filed this petition, and a new attorney has appeared on Mr. Newcomb's behalf in the state court proceeding. Therefore, he has already received the relief his sought from this Court on that claim.

**IT IS THEREFORE ORDERED:**

1. The Petition at Docket 1 is **DISMISSED** because "it 'plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief.'"[18]

2. Respondent's pending Motion for 90-Day Extension of Time to File Answer at Docket 14 is **DENIED AS MOOT.**

3. The Clerk of Court is directed to enter a Final Judgment in this case.

4. A Certificate of Appealability shall not issue.[19]

DATED this 10th day of March, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[18] *Pinson*, 69 F.4th at 1065 (quoting Rule 4(b), Rules Governing Section 2254 Proceedings for the United States District Courts).

[19] 28 U.S.C. §§ 2255(d), 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).

Case No. 3:24-cv-125, *Newcomb v. Angol*
Order on Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241
Page 5 of 5
Case 3:24-cv-00125-SLG   Document 15   Filed 03/10/25   Page 5 of 5